KING & SPALDING LLP
Peter Isajiw
1185 Avenue of the Americas
New York, New York 10036
Telephone: 212-556-2100
Fax: 212-556-2222
pisajiw@kslaw.com

and

David L. Balser (admission *pro hac vice* to be sought)
Lawrence A. Slovensky (admission *pro hac vice* to be sought)
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: 404-572-4600
Fax: 404-572-5100
dbalser@kslaw.com
lslovensky@kslaw.com

*Counsel for Plaintiff Spectrum Origination LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SPECTRUM ORIGINATION LLC**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**WEBB M. SOWDEN, III, THE WEBB AND MARINELLE SOWDEN IRREVOCABLE TRUST, and WILLIAM DOUGLAS MCKNIGHT,**<br><br>        **Defendants.** | **CIVIL ACTION NO. 15-cv-5765** |

## COMPLAINT

Spectrum Origination LLC ("Plaintiff"), by its attorneys, and for its Complaint against defendants Webb M. Sowden, III, The Webb and Marinelle Sowden Irrevocable Trust, and William Douglas McKnight (collectively "Defendants"), respectfully states as follows:

- 2 -

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Delaware limited liability company with its principal place of business in New York, New York.

2. Upon information and belief, Defendant Webb M. Sowden, III is an individual and a citizen of Texas.

3. Upon information and belief, Defendant The Webb and Marinelle Sowden Irrevocable Trust is a trust formed under the laws of Texas.

4. Upon information and belief, Webb Sowden and Marinelle Sowden are the sole co-trustees of The Webb and Marinelle Sowden Irrevocable Trust.

5. Upon information and belief, Marinelle Sowden is an individual and a citizen of Texas.

6. Upon information and belief, Defendant William Douglas McKnight is an individual and a citizen of Tennessee.

7. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a) because this is an action for damages in excess of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

8. Pursuant to Section 6.3 of the Guaranty (hereinafter defined), the Defendants irrevocably submitted to the jurisdiction of this Court. Accordingly, the Defendants are subject to the personal jurisdiction of this Court.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. Plaintiff entered into that certain Loan Agreement (as amended, modified and restated from time to time, the "Loan Agreement") with RREAF O&G Portfolio #2 LLC

- 3 -

("RREAF") dated April 30, 2014, whereby Plaintiff agreed to make a loan to RREAF in an original principal amount of $36,775,000.00 (the "Loan") for the acquisition of six separate hotel properties in Texas and New Mexico. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.[1]

11. In connection with the Loan Agreement, RREAF executed that certain Promissory Note dated April 30, 2014 (the "Original Note") in favor of Plaintiff in the principal amount of $36,775,000.00. A true and correct copy of the Original Note is attached hereto as **Exhibit B**.

12. The Loan Agreement was modified by that certain Agreement for Modification of Loan Documents (Additional Collateral – Andrews) dated June 3, 2014 (the "Andrews Modification"). A true and correct copy of the Andrews Modification is attached hereto as **Exhibit C**.

13. In connection with the Andrews Modification, the parties amended and restated the Original Note pursuant to that certain Amended and Restated Promissory Note (the "Amended and Restated Note"), in the principal amount of $42,125,000.00. A true and correct copy of the Amended and Restated Note is attached hereto as **Exhibit D**.

14. The Loan Agreement was further modified by that certain Second Agreement for Modification of Loan Documents (Loan and Cash Management Agreements) dated July 8, 2014 (the "Second Modification"). A true and correct copy of the Second Modification is attached hereto as **Exhibit E**.

15. After RREAF failed to make payments when due under the Loan Agreement, Plaintiff and RREAF entered into that certain Forbearance Agreement dated as of the "Effective

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Loan Agreement.

Date" as defined therein (the "<u>Forbearance Agreement</u>"). A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit F**.

16. Pursuant to that certain Guaranty of Recourse Obligations dated April 30, 2014 (the "<u>Guaranty</u>"), the Defendants irrevocably and unconditionally guaranteed the payment and performance of: (a) the Borrower's Recourse Liabilities; and (b) from and after the date that any Springing Recourse Event occurs, payment of the entire outstanding principal balance, plus interest and all other sums due under any Loan Document (collectively, the "<u>Guaranteed Obligations</u>"). A true and correct copy of the Guaranty is attached hereto as **Exhibit G**. The Loan Agreement defines a "Springing Recourse Event" as including the filing of a voluntary bankruptcy petition under Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). (Ex. A, § 11.22.)

17. The execution of the Guaranty by the Defendants was a material inducement to Plaintiff to make the Loan to RREAF. Plaintiff relied on the Guaranty in making the Loan. Plaintiff would not have entered into the Loan Agreement and made the Loan to RREAF had the Defendants not executed the Guaranty and specifically agreed, among other things, to guarantee the full amount of the Debt upon the occurrence of a Springing Recourse Event.

18. RREAF filed a voluntary petition under the Bankruptcy Code on July 8, 2015, in the United States Bankruptcy Court for the Western District of Texas. A true and correct copy of the bankruptcy petition is attached hereto as **Exhibit H**.

19. Plaintiff notified the Defendants by letter dated July 16, 2015 (the "<u>Demand Letter</u>"), that the amounts owed under the Amended and Restated Note and Loan Agreement were due and payable pursuant to the Guaranty and demanded immediate payment from the Defendants.

20. The Defendants failed to comply with the Demand Letter and the amounts due and owing under the Amended and Restated Note and the Loan Agreement remain outstanding.

## COUNT ONE

### (Breach of Payment Guaranty)

21. Plaintiff repeats and realleges the allegations in the preceding paragraphs.

22. Pursuant to the Guaranty and the Loan Agreement, Defendants are obligated to pay Plaintiff immediately upon demand of all sums due. By the Demand Letter, Plaintiff made demand for payment of $40,920,216.76 plus attorneys' fees, other fees and charges, and outstanding out-of-pocket expenses incurred by Plaintiff.

23. All conditions precedent to Defendants' obligations to perform under the Guaranty and the Loan Agreement, if any, have been satisfied.

24. Defendants have failed to pay the $40,920,216.76 plus attorneys' fees, other fees and charges, and outstanding out-of-pocket expenses incurred by Plaintiff as required by the Guaranty and the Loan Agreement.

25. Accordingly, pursuant to the Guaranty, Plaintiff is entitled to judgment in the amount of $40,920,216.76, plus interest, costs, other fees, and all other amounts provided for in the Guaranty and the Loan Agreement.

26. Pursuant to Section 1.7 of the Guaranty, Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays that this Court:

    a. Enter judgment in favor of Plaintiff and against Defendants;

    b. Award Plaintiff compensatory damages in the amount of $40,920,216.76 plus all other amounts provided for in the Guaranty and the Loan Agreement;

c. Award Plaintiff pre- and post-judgment interest;

d. Award Plaintiff its reasonable attorneys' fees, costs, and expenses, including Court costs; and

e. Grant such additional and further relief as it deems just and proper.

This 22nd day of July, 2015.

       KING & SPALDING LLP

       <u>/s/ Peter Isajiw</u>
       Peter Isajiw
       1185 Avenue of the Americas
       New York, New York 10036
       Telephone: 212-556-2100
       Fax: 212-556-2222
       pisajiw@kslaw.com

       and

       David L. Balser (admission *pro hac vice* to be sought)
       Lawrence A. Slovensky (admission *pro hac vice* to be sought)
       1180 Peachtree Street NE
       Atlanta, Georgia 30309
       Telephone: 404-572-4600
       Fax: 404-572-5100
       dbalser@kslaw.com
       lslovensky@kslaw.com

       *Counsel for Plaintiff Spectrum Origination LLC*

DMSLIBRARY01:26134071.8